IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADRIAN S. HOLMES, :
 :
    Plaintiff, : CIVIL NO. 4:10-CV-1043
 :
v. : (Judge McClure)
 :
WARDEN BLEDSOE, *et al.*, :
 :
    Defendants. :

**MEMORANDUM and O R D E R**

June 17, 2010

Plaintiff Adrian S. Holmes ("Plaintiff" or "Holmes"), an inmate presently confined at the United States Penitentiary at Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, commenced the above action *pro se* by filing a Complaint under the provisions of 28 U.S.C. § 1331. (Rec. Doc. No. 1.) Named as Defendants are Warden Bledsoe, Captain B. Trate; Special Investigative Agent ("SIA") Perrian; Assistant Warden Young; the Regional Director of the Northeast Regional Office of the Federal Bureau of Prisons ("BOP"); and General Counsel at the BOP Central Office. (*See id.* at 1, 2 § III.)

In his Complaint, Holmes alleges that Defendants Bledsoe, Trate, Perrian, and Young set him up to be viciously attacked by "The Force Team" at USP Lewisburg on March 1, 2010 and then denied him medical treatment for the injuries he sustained as

a result of that attack. (*See id.* § IV.) Holmes claims that Defendants have not responded to the administrative remedies he has filed regarding his claims. (*See id.* § II ¶ B.) Service of the Complaint was directed by Order dated May 24, 2010. (Rec. Doc. No. 6.)

Presently before the Court are two motions filed by Plaintiff in which he requests the appointment of counsel and requests the Court to order the production of discovery from Defendants. These motions are disposed of below.

## I. MOTION TO APPOINT COUNSEL

The Court recognizes that there is neither a constitutional nor a statutory right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Notwithstanding this lack of a constitutional or statutory right to appointed counsel, in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." A district court's appointment of counsel pursuant to this statute is discretionary and must be made on a case-by-case basis. *Tabron,* 6 F.3d at 157-58.

In *Tabron*, the United States Court of Appeals for the Third Circuit first outlined with specificity the applicable standards to be considered by courts upon an

application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). *Id.* at 155-57. In *Parham*, the Third Circuit identified the following guidelines for appointing counsel to indigent civil litigants:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> > (1) the plaintiff's ability to present his or her own case;
> >
> > (2) the complexity of the legal issues;
> >
> > (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such an investigation;
> >
> > (4) the amount a case is likely to turn on credibility determinations;
> >
> > (5) whether the case will require the testimony of expert witnesses;
> >
> > (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citation omitted). In a more recent, non-precedential decision, *Gordon v. Gonzalez*, 232 Fed. Appx. 153, n.4 (3d Cir. Apr. 30, 2007), the Third Circuit Court of Appeals added that two other factors to be taken into consideration are: (1) the court's willingness to aid the indigent party in presenting his

3

or her case; and (2) the available supply of lawyers willing to accept § 1915(e) requests within the relevant geographical area.

In his motion, Holmes states that he requests counsel because he is not able to retain counsel on his own; he is unable to investigate by talking to individuals who are directly or indirectly involved; and he is confined within the Special Management Unit ("SMU") at USP Lewisburg where he is in lock-down. (*See* Rec. Doc. No. 8.) While we are mindful of the difficulties Holmes faces as an inmate in litigating his case, he has not set forth sufficient circumstances to warrant appointment of counsel at this time. Holmes has demonstrated an ability to effectively present his own case in that he was able to articulate his claims in his Complaint. In addition, this case does not appear to present difficult and complex legal issues. Furthermore, while Holmes is concerned about his ability to investigate, the actual investigation that he would need to perform appears to be minimal in that the pleadings show that he is fully aware of the bases for his claims against the Defendants. Finally, while the case may, in part, turn on credibility determinations, the case likely will not require extensive expert witness testimony. Taking all of these factors into account, we believe that the application of these factors weighs against the appointment of counsel at this time. However, denial of Holmes' motion will be without prejudice to re-examining this

issue as this litigation progresses.

## II. MOTION FOR DISCOVERY

Holmes has filed a "Motion for Discovery" in which he requests that this Court order the production of various documents by Defendants. (Rec. Doc. No. 9.) Holmes' motion is both premature and procedurally incorrect. Defendants have not yet entered their appearances in this action. After service on all Defendants has been accomplished and entries of appearance are made, the correct procedure for Holmes to follow to request discovery is to serve his requests on counsel for Defendants. It is not necessary for him to file these requests with the Court. In the event that a dispute arises in the course of discovery, it then would be proper for Holmes to file a motion to compel discovery with the Court. Accordingly, Holmes' motion will be denied as premature. Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to appoint counsel (Rec. Doc. No. 8) is **DENIED** without prejudice.

2. Plaintiff's motion for discovery (Rec. Doc. No. 9) is **DENIED** as premature.

 s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge