## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ADRIAN S. HOLMES,** | : **CIVIL NO. 4:CV-10-1043** |
| | : |
| **Plaintiff** | : **(Judge Rambo)** |
| | : |
| **v.** | : |
| | : |
| **WARDEN BLEDSOE,** *et al.*, | : |
| | : |
| **Defendants** | : |

## M E M O R A N D U M

Presently before the court is a motion filed by Plaintiff Adrian S. Holmes ("Holmes") seeking reconsideration of our January 26, 2011 memorandum and order (Doc. 27) granting summary judgment in favor of Defendants.[1]  (Doc. 29.)  For the reasons set forth below, the motion will be denied.

## I.    Background

 At the time Holmes initiated this action *pro se* on May 14, 2010, he was an inmate at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg").  In his complaint, he alleged that Defendants used excessive force and failed to provide adequate medical care in violation of the Eighth Amendment, and

---

[1] Defendants were USP Lewisburg Warden Bledsoe, Captain B. Trate, Special Investigative Agent ("SIA") F. Perrin, Associate Warden Young, Federal Bureau of Prisons ("BOP") Northeast Regional Director J.L. Norwood, and BOP Central Office General Counsel Kathleen Kenney.

retaliated against him in violation of the First Amendment. Specifically, he alleged that, on March 1, 2010, he sustained an eye injury after a use of force team attacked him in his cell, and that he was denied medical care for his injury. (Doc. 1 at 2 § IV. ¶ 1.) He further alleged that, after this incident, he was thrown back into his cell in restraints, and that an inmate worker was sent to attack him. (*Id.*) He claimed that officers at USP-Lewisburg "have been setting people up to get hurt" by "forcing them into cells with people that works [*sic*] for them." (*Id.* ¶ 2.) In addition, he alleged that the Warden is "the boss over everyone," the Captain "signs before the (force team) arrive," and Defendant SIA Perrin "is the one helping to try to run this." (*Id.* ¶ 3.) Finally, Holmes alleged that his life was in danger, and that "they are retaliating against me." (*Id.* at 3 § V. ¶ 3.)

In our memorandum and order dated January 26, 2011, we granted summary judgment in favor of Defendants based upon our determination that Holmes failed to exhaust administrative remedies with respect to his claims before filing this lawsuit. (Doc. 27.) Based upon our determination, we also denied as futile Holmes's motion to supplement his complaint with new claims stemming from events unrelated to those that formed the basis for the initial complaint. (*See id.* at 15-17.)

In the instant motion, Holmes argues that reconsideration of our entry of judgment in Defendants' favor is warranted because he continues to maintain that he

2

did in fact exhaust his administrative remedies.[2]  (*See* Doc. 29, Pl.'s Mot.; Doc. 32,

Pl.'s Reply Br.)  As to our denial of his request to supplement his complaint with new

claims, Holmes points out that he sought the advice of the clerk of court as to whether

he should supplement his complaint or should file a new civil action, and he received

no response.  (*See id.*)  Finally, Holmes seems to suggest that we should overlook the

exhaustion requirement because he is stating the truth when he claims that his

constitutional rights were violated.  (*See id.*)


## II.   <u>Legal Standard</u>

The purpose of a motion for reconsideration is to correct manifest errors of law

or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d

906, 909 (3d Cir. 1985).  In order to prevail, a party seeking reconsideration must

demonstrate one of the following: (1) an intervening change in the controlling law; (2)

the availability of new evidence that was not available previously; or (3) the need to

correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood*

*Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

---

[2]  Holmes failed to file a separate brief in support of his motion as required by Middle
District of Pennsylvania Local Rule 7.5.  However, inasmuch as he presents argument within his
motion, in light of his *pro se* status, the court construed it as having been filed with a supporting
brief.

A motion for reconsideration is not a proper vehicle to attempt to convince the court to rethink a decision it already has made. *Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Such motions also may not be used by a party to re-litigate or rehash legal principles and arguments already presented to and rejected by the court, nor may they present additional arguments which could or should have been raised before judgment was entered. *Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231 (3d Cir. 1995) (motions for reconsideration cannot be used to gain a "second bite" at the apple). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III.   <u>Discussion</u>

Applying the above standard, the court concludes that Holmes has not demonstrated any of the applicable grounds for reconsideration. In his motion, he reiterates the allegations from his complaint (*see* Doc. 1 at 1 § II ¶¶ B, C) as well as the arguments from his brief in opposition to Defendants' motion to dismiss, or in the alternative, motion for summary judgment (*see* Doc. 20 at 2) wherein he argued that he did not complete the grievance process before initiating his lawsuit because he did not

4

receive responses to the administrative remedies he claims to have submitted at each level.  (*See* Doc. 29 at 1.)  He also adds that, pursuant to BOP Policy, where an inmate does not receive a response within the time allotted, he may consider the absence of a response to be a denial at that level.  (*See id.*)

Holmes does not argue that there has been an intervening change in controlling law or an error of law or fact that would change our determination that he failed to exhaust his administrative remedies regarding his claims.  He also does not submit newly discovered evidence that would warrant reconsideration of our decision.  In disposing of Defendants' request for summary judgment, we observed that the undisputed factual record demonstrated that Holmes had failed to submit any evidence to show that there was a genuine issue of material fact as to his failure to follow the required procedures to exhaust his administrative remedies.  (*See* Doc. 27 at 13-15.) Specifically, we found that the undisputed factual record established that Holmes did not exhaust his administrative remedies in accordance with BOP Administrative Remedy Procedure with respect to his claims because he did not initiate the administrative remedy process until *after* filing the instant action, and he improperly filed his initial remedy with BOP's Central Office, rather than with the Warden.  (*See id.*)  To the extent that Holmes has evidence to the contrary, the time for him to submit it was in opposing Defendants' motion.  He cannot attempt to reargue his case through

a motion for reconsideration unless he is able to support his request with new evidence that was not available previously.  *See Quinteros*, 176 F.3d at 677.

Regarding Holmes's request for reconsideration of our decision to deny as futile his request to amend his complaint with new claims, Holmes asserts that he sought advice from the clerk of court as to whether he should seek to supplement his complaint or file a new action, and he received no response.  In so arguing, Holmes fails to set forth any of the applicable grounds for reconsideration.  He does not, for example, state that the court committed an error of law or fact in denying his motion to amend, particularly where the court denied it without prejudice to any right he may have to file a civil rights action raising the new claims he sought to add to this action. Moreover, the fact that Holmes filed a letter is not new evidence because the letter was entered on the docket on January 3, 2011 and therefore was on the record at the time we decided Defendants' dispositive motion.  (*See* Doc. 24.)  Holmes also fails to explain how the lack of a response to his letter serves as a basis for reconsideration when on January 13, one week after filing it, he filed a motion with the court seeking leave to supplement his complaint.  (Doc. 26.)

Finally, with respect to Holmes' suggestion that we should overlook the exhaustion requirement because he is telling the truth when he claims that his constitutional rights were violated, he fails to demonstrate that we erred in following

6

the well-established law in this Circuit that precludes us from excusing compliance with the exhaustion requirement on any basis.  (*See* Doc. 27 at 11-12 (citing *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)).)

Based on the foregoing, there is no basis to reconsider our decision to grant judgment as a matter of law in favor of Defendants and to deny as futile Holmes's request to amend his complaint with new claims.  Thus, the instant motion will be denied.  An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  September 1, 2011.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ADRIAN S. HOLMES,**          **: CIVIL NO. 4:CV-10-1043**
                                **:**
         **Plaintiff**            **: (Judge Rambo)**
                                **:**
     **v.**                           **:**
                                **:**
**WARDEN BLEDSOE,** *et al.,*       **:**
                                **:**
         **Defendants**         **:**

**O R D E R**

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 29) is **DENIED**.

                            ___s/Sylvia H. Rambo_____
                            United States District Judge

Dated:  September 1, 2011.